**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                    **Plaintiff,**

                  **v.**                                        **5:09-CV-718**
                                                               **(FJS/DEP)**
**DIVERSIFIED T.E.S.T. TECHNOLOGIES, INC.;**
**THOMAS P. SIMS, and ANNELLE FRIERSON,**

                                    **Defendants.**
_____

**APPEARANCES**                         **OF COUNSEL**

**UNITED STATES DEPARTMENT**            **BARTHOLOMEW CIRENZA, ESQ.**
**OF JUSTICE**
555 Fourth Street, N.W.
Room 7814
Washington, D.C. 20001
Attorneys for Plaintiff

**DIVERSIFIED T.E.S.T.**                **NO APPEARANCE**
**TECHNOLOGIES, INC.**
556 Route 222
P.O. Box 8
Groton, New York 13073
Defendant

**THOMAS P. SIMS**
Ithaca, New York 14850-9661
Defendant _pro se_

**ANNELLE FRIERSON**
Moravia, New York 13118-2329
Defendant _pro se_

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Currently before the Court is Plaintiff's motion for entry of a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 14, 20.  Defendants Sims and Frierson have submitted papers in opposition to that motion. *See* Dkt. Nos. 18-19.

**II. BACKGROUND**

Plaintiff commenced this action for a preliminary and permanent injunction and to reduce tax assessments to judgment on June 23, 2009. *See* Dkt. No. 1.  Plaintiff served Defendants on July 23, 2009; and, therefore, their answers were due on August 12, 2009. *See* Dkt. Nos. 6-8.

In a "Notice to Plaintiff's Counsel" dated October 2, 2009, Magistrate Judge Peebles directed Plaintiff's counsel to file a request for clerk's entry of default against Defendants or a status report by October 7, 2009. *See* Notice Entry dated October 2, 2009.

In compliance with Magistrate Judge Peebles' directive, Plaintiff's counsel filed a status report on October 6, 2009, in which he stated that, on August 7, 2009, he had received, "in letter format, what appeared to be defendant's answer to the complaint." *See* Dkt. No. 10 at 1. Subsequently, on October 1, 2009, the Clerk's Office informed Plaintiff's counsel that Defendants had not filed their August 7, 2009 letter answer with the Court. *See id.*  Therefore, on October 1, 2009, Plaintiff's counsel telephoned the offices of Defendant Diversified and spoke with Defendant Frierson. *See id.*  During that conversation, Plaintiff's counsel "informed Ms. Frierson of the obligation to file an answer with the Court and that the August 7, 2009 letter answer was not in proper form in that it failed to respond to each and every allegation in the complaint." *See*

*id.* "Ms. Frierson responded that she was not aware that an answer had to be filed and that she was relying on defendant Sims to take the lead in defending the matter." *See id.* Ms. Frierson also told Plaintiff's counsel that Defendant Sims had recently undergone surgery and was not expected to be back to work until the week of October 19, 2009, at the earliest. *See id.* Finally, Plaintiff's counsel and Ms. Frierson "discussed possible approaches to working out a resolution to the case and [Ms. Frierson] agreed to contact Defendant Sims in the hope that both she an [sic] Defendant Sims could speak with [Plaintiff's counsel] further on this matter." *See id.* Finally, Plaintiff's counsel contacted Ms. Frierson again on October 5, 2009, and "informed her that while she and Defendant Sims may proceed without an attorney, the corporation must be represented by counsel and that in her anticipated conversation with Defendant Sims, she should discuss the need to secure counsel to represent the corporation." *See id.* at 2.

Magistrate Judge Peebles held a telephone conference with Plaintiff's counsel, Defendant Sims and Defendant Frierson on October 29, 2009. *See* Minute entry dated October 29, 2009. At that time, Magistrate Judge Peebles advised Defendants Sims and Frierson that, because Defendant Diversified was a corporation, it could not proceed *pro se* in this action; therefore, Magistrate Judge Peebles directed that Defendant Diversified retain counsel by **November 20, 2009**. *See id.* Plaintiff's counsel advised Magistrate Judge Peebles that he had received a letter that he was construing as an answer to the complaint but that Defendants had not filed that letter with the Court. *See id.* Magistrate Judge Peebles directed Defendant Sims and Defendant Frierson to file that letter with the Court by **November 13, 2009**. *See id.* He also directed Defendants Sims and Frierson to file a letter with the Court with their contact information, including their addresses and telephone numbers. *See id.*

On November 20, 2009, Defendants Sims and Frierson faxed an IRS Form 2848 "Power of Attorney and Declaration of Representative" to the Court, in which they provided the address of Defendant Diversified, as taxpayer, and their addresses as representatives of the taxpayer. *See* Dkt. No. 11.

In a Text Notice to Plaintiff's counsel dated November 25, 2009, Magistrate Judge Peebles noted that Defendants had not complied with his directive to file an answer by November 13, 2009, nor had Defendant Diversified retained counsel by November 20, 2009. *See* Text Notice dated November 25, 2009.  Therefore, Magistrate Judge Peebles stated that "Plaintiff's counsel may file any appropriate motion to the court regarding the failure of defendant Diversified T.E.S.T. Technologies, Inc. to retain counsel and defendants' non-compliance with the court's directive to file their letter/answer, which was served upon plaintiff's counsel but not filed with the court." *See id.*

On December 11, 2009, Plaintiff moved for entry of default, *see* Dkt. No. 12, which the Clerk of the Court entered on December 14, 2009, *see* Dkt. No. 13.  By Notice to Plaintiff's counsel dated December 29, 2009, the Court directed Plaintiff's counsel to file a motion for default judgment against Defendants by January 26, 2010.  *See* Text Notice dated December 29, 2009.  In compliance with the Court's Text Notice, Plaintiff filed the pending motion for entry of a default judgment on January 26, 2010.  *See* Dkt. No. 14.

On February 12, 2010, Defendants filed a motion for appointment of counsel.  *See* Dkt. No. 16.  Magistrate Judge Peebles denied with prejudice Defendant Diversified's motion for appointment of counsel and denied without prejudice Defendants Sims and Frierson's motion for appointment of counsel.  *See* Dkt. No. 17.

-4-

The Court extended the period of time in which Defendants could respond to Plaintiff's motion for entry of a default judgment and gave the *pro se* Defendants permission to file their response in letter form.  Defendant Frierson filed her response on April 6, 2010.  *See* Dkt. No. 18.  Defendant Sims filed his response, as well as a request that the Court consider appointing counsel on Defendants' behalf, on the same day.  *See* Dkt. No. 19.  Plaintiff filed a reply in further support of its motion for entry of a default judgment on April 9, 2010.  *See* Dkt. No. 20.

## III. DISCUSSION

**A.    Defendants' request for appointment of counsel**

As noted, in a Decision and Order dated February 26, 2010, Magistrate Judge Peebles denied with prejudice Defendant Diversified's previous motion for appointment of counsel and denied without prejudice Defendants Sims and Frierson's previous motion for appointment of counsel.  *See* Dkt. No. 17.

In that Decision and Order, Magistrate Judge Peebles specifically advised Defendants that, because Defendant Diversified was a corporation, even if Defendant Diversified were "able to establish indigency, [it would] not be entitled to appointment of *pro bono* counsel."  *See id.* at 4-5.  To the extent that Defendants are, once again, seeking appointment of counsel for Defendant Diversified, the Court **denies** that motion for the reasons that Magistrate Judge Peebles stated in his February 26, 2010 Decision and Order.

In denying Defendants Sims and Frierson's previous motion for appointment of counsel, Magistrate Judge Peebles specifically instructed them that they would have to support any future application for appointment of counsel with "affidavits detailing the[ir] income and expenses . . .

-5-

and must disclose any assets, including but not limited to bank accounts, available to defray litigation expenses, including attorneys' fees."  *See id.*

Despite these specific instructions, Defendants Sims and Frierson's renewed motion for appointment of counsel suffers from the same deficiencies as their former request for appointment of counsel.  In a letter dated April 5, 2010, Defendant Sims states that Defendants "have requested assistance from several law firms, legal aid offices and IRS agencies including Mrs. Green of the Albany office."  *See* Dkt. No. 19 at 1.  He further notes that Defendants "have . . . spoken with [the] court assistant in [their] efforts to have pro-se court officer appointed. [Defendants] can not afford legal representation at this time and would respectfully request that the court consider appointing council [sic] on [Defendants'] behalf."  *See id.*  Despite this statement of economic need, however, Defendant Sims did not provide the Court with any documentation to support his claim of indigency.  Defendants, in effect, did not heed Magistrate Judge Peebles' very specific instructions about the information that they needed to submit to the Court before the Court could consider any request for appointment of counsel.  In light of the fact that Defendants Sims and Frierson have not provided the Court with the necessary documentation, the Court **denies** their renewed motion for appointment of counsel.


**B.**     **Plaintiff's motion for entry of a money default judgment**

Plaintiff has provided the Court with documentation to support its motion for entry of default judgments

> against Diversified T.E.S.T. Technologies, Inc. (Diversified),
> Thomas Sims, and Annelle Frierson and in favor of the United
> States of America in the amounts of $264,973.94, $54,608.87, and

> $54,608.87, respectively, with respect to assessments for federal
> employment taxes (as to Diversified) and Trust Fund Recovery
> Penalties pursuant to 26 U.S.C. § 6672 (as to Sims and Frierson).

*See* Plaintiff's Memorandum of Law at 1.

Plaintiff explains that, with respect to the requested money judgments,

> the unpaid taxes for Diversified are employment taxes for tax
> quarters ending September 30, 2003, through March 31, 2005, and
> December 31, 2005 through December 31, 2008.  The unpaid taxes
> for Sims and Frierson are Trust Fund Recovery Penalties for tax
> periods ending December 21, 2006 through December 31, 2007
> and June 30, 2008, inclusive of interest from the dates of
> assessment as allowed by the Internal Revenue Code of 1986 (26
> U.S.C.), in the amounts of $264,973.94, and $54,608.87, with
> interest to accrue thereon from and after January 22, 2010, as
> provided by 28 U.S.C. § 1961(c)(1).

*See id.* at 1-2.

Furthermore, Plaintiff seeks "entry of a default declaratory judgment enjoining

Diversified, Sims and Frierson, from making payments to any creditors of Diversified other than

[Plaintiff] until all assessed and unpaid federal employment tax liabilities of Diversified are fully

satisfied."  *See id.* at 1.  Specifically, Plaintiff seeks to have Defendant Diversified, through its

officers Defendant Sims and Defendant Frierson, (1) deposit withheld FICA and income taxes, as

well as Defendant Diversified's share of FICA taxes, in an appropriate federal depository bank in

accordance with the federal deposit regulations; (2) deposit Federal unemployment taxes in an

appropriate federal depository bank in accordance with the federal deposit regulations; (3) sign

and deliver affidavits to IRS Revenue Officer Michelle Duffek, on the first day of each month,

stating that they timely made the requisite withheld income, FICA, and Federal unemployment

deposits; (4) timely file all employment and unemployment tax returns with the IRS; and (5)

-7-

timely pay all required outstanding liabilities due with each tax return at the time it is filed.  *See*

Proposed Declaratory Judgment at Wherefore Clause at ¶¶ 1-5.  In addition, Plaintiff asks the

Court to enter a declaration that (1) prohibits Defendant Diversified, through its officers

Defendants Sims and Frierson, from making any disbursement or assigning any property until

amounts required to be withheld from wages after the date of this injunction are, in fact, paid to

the IRS; and (2) requires Defendant Diversified, through its officers Defendants Sims and

Frierson, to notify Revenue Officer Duffek of any new company that Defendant Sims and/or

Defendant Frierson may come to own or manage in the next five years.  *See id.* at ¶¶ 6-7.

In response to Plaintiff's motion, Defendant Frierson submitted a letter dated August 7,

2009, together with some papers that appear to be notes about her attempts to retain counsel.  *See*

Dkt. No. 18.  It appears that this August 7, 2009 letter is a copy of the letter that Defendant

Frierson sent to Plaintiff's counsel, which Plaintiff's counsel had construed as an answer, but that

she never filed with the Court even after Magistrate Judge Peebles instructed her to do so by

November 13, 2009.

In this letter, which she purportedly wrote on behalf of all Defendants, she states that (1)

she disagrees with the tax periods as stated in Count II; (2) she does not agree with the tax

amounts as stated in Count II and Count III; (3) she thinks that the penalties listed in both Count

II and Count III are unreasonable; (4) it is not possible to determine the exact total tax amount

requested by the IRS; and (5) it is not possible to determine where the monies, both personal and

corporate, which have been sent to the IRS have been applied.  *See* Dkt. No. 18 at 1.  In addition,

she states that Defendants "have responded to past tax levies with no consideration for penalty

abatement by [the] IRS agent" and "have experienced recent hardship in the loss of [Defendants']

-8-

core engineering and marketing personnel which has reduced [Defendants'] potential client prospects." *See id.*  In sum, she states that Defendants "realize [they] owe specific tax periods and have every intention of satisfying those obligations.  However, the interest, penalties and those monies, both personal and corporate, need to be defined with penalties abated prior to settling the total tax liability." *See id.*

In a letter dated April 5, 2010, Defendant Sims likewise acknowledges that Defendants "owe past IRS payments . . . [and that they] fully expect to pay the taxes and ask that the interest and penalties be abated." *See* Dkt. No. 19 at 1.

Construed in the best light, Defendants appear unable to follow the Court's instructions.  Construed in the worst light, they appear to ignore the Court's instructions.  Magistrate Judge Peebles provided Defendants with an opportunity to file an answer, which they could easily have done since they apparently sent a "letter answer" to Plaintiff's counsel, which they could have copied and filed with the Court.  In fact, this is exactly what Defendant Frierson appears to have done in opposition to Plaintiff's motion for entry of a default judgment.

Furthermore, Defendants Sims and Frierson participated in a telephone conference with Magistrate Judge Peebles and Plaintiff's counsel in which Magistrate Judge Peebles advised them of their obligation to file an answer and to retain counsel for Defendant Diversified.  Despite Magistrate Judge Peebles' instructions regarding the specific dates by which they were to file their answer and to retain counsel, Defendants chose to ignore the Court's instructions.  Defendants cannot now complain that the Court did not provide them with the opportunity to defend this matter.

In light of Defendants' failure to file their answers, to retain counsel for Defendant

Diversified, and, otherwise, to follow the Court's orders, the Court hereby **grants** Plaintiff's

motion for entry of a default judgment.

**C.      Plaintiff's motion for a permanent injunction**

Pursuant to 26 U.S.C. § 7402(a),

> [t]he district courts of the United States at the instance of the
> United States shall have such jurisdiction to make and issue in civil
> actions, . . . orders of injunction . . . and such other orders . . . and
> to render such judgments and decrees as may be necessary or
> appropriate for the enforcement of the internal revenue laws.

26 U.S.C. § 7402(a).

Since "§ 7402(a) grants the court injunctive power, the government need only show that an

injunction is appropriate for the enforcement of the internal revenue laws, without reference to

the traditional equitable factors." *United States v. Thompson*, 395 F. Supp. 2d 941, 945 (E.D.

Cal. 2005) (citation omitted).  Injunctive relief is appropriate if the court finds that the defendant

is reasonably likely to violate the federal tax laws again. *See id.* at 945-46 (citation omitted).

When analyzing the likelihood that the defendant will violate the tax laws in the future,

the court "'must assess the totality of the circumstances surrounding the defendant and his

violations.'" *Id.* at 946 (quoting *SEC v. Murphy*, 626 F.2d 633 (9th Cir. 1980)).  Some of the

factors that the court should consider are the following:

> "(1) the gravity of harm caused by the offense; (2) the extent of the
> defendant's participation, and her degree of scienter; (3) the
> isolated or recurrent nature of the infraction and the likelihood that
> the defendant's customary business activities might again involve
> her in such transactions; (4) the defendant's recognition of her own
> culpability; and (5) the sincerity of her assurances against future
> violations."

*Id.* (quoting *Harkins*, 355 F. Supp. 2d at 1181 (citing *United States v. Raymond*, 228 F.3d 804, 813 (7th Cir. 2000))).

Plaintiff has presented evidence to indicate that there is a likelihood that Defendants will violate the tax laws in the future.  In its complaint, Plaintiff states that "[a]n injunction . . . ordering the defendants to comply with the government's employment tax requirements is necessary and appropriate for several reasons."  *See* Dkt. No. 1 at ¶ 11.  Specifically, Plaintiff asserts that (1) the IRS has no adequate remedy at law other than an injunction because traditional collection methods have not and will not convince Defendants to stop pyramiding tax liabilities; and (2), if Defendants are allowed to continue to ignore the employment tax requirements, they will likely continue to accrue approximately $12,000 to $15,000 of Form 941 taxes per quarter and approximately $500 to $800 of Form 940 taxes annually that Plaintiff will not be able to collect.  *See id.*

In addition, in its complaint, Plaintiff stated that it had exhausted its administrative remedies and collection methods.  *See id.* at ¶ 10.  Specifically, Plaintiff averred that (1) an IRS representative delivered in hand Letter 903 to Defendant Sims on March 1, 2006, thereby alerting him to the provisions of 26 U.S.C. § 7512, the Separate Accounting for Certain Collected Taxes, but that, despite this notification, Defendant Sims continued to fail to collect, truthfully account for, or pay over Defendant Diversified's federal employment and unemployment taxes; (2) the IRS filed Notices of Federal Tax Lien with the Tompkins, New York, Clerk's Office but, because Defendant Diversified leases, rather than owns, real property, Defendant Diversified has no substantial assets from which the IRS may attempt to collect the unpaid taxes by levy; (3) the IRS delivered numerous Notices of Intent to Levy to Defendant Diversified and levied on Defendant

Diversified's bank accounts with minimal collection success; (4) none of the Defendants has requested a collection due process hearing in response to any of the IRS's collection actions; (5) in 2004, Defendant Diversified inquired about an installment agreement; and, shortly thereafter, Defendant Diversified executed such an agreement but defaulted on the agreement by accruing additional employment tax liabilities; and (6) the IRS considered, but did not seize, any equipment due to the nature and age of the equipment and the fact that there were prior liens on such equipment.  *See id.*

        As a result of Defendants' conduct to date, the United States Treasury has lost $374,191.68 plus interest.  Furthermore, Defendant Sims and Frierson have acknowledged that Defendants owe past IRS payments.  Although Defendants Sims and Frierson indicate that they fully expect to pay the taxes, they appear to make that payment contingent on Plaintiff's willingness to abate the penalties on the amounts they owe.  *See* Dkt. No. 18.  In addition, in 2004, after asking about and entering into an installment agreement, Defendant Diversified defaulted on that agreement, which is some indication that Defendants would further violate their obligations under the IRS Code absent the injunctive relief that Plaintiff seeks.  In sum, Defendants have not provided the Court with any assurance that they will not violate the IRS statutes in the future nor have they indicated how or when they intend to pay the monies they already owe.

        Therefore, for all of these reasons, the Court will grant Plaintiff's request for the entry of a permanent injunction with one exception.  The Court will not require Defendants to notify Revenue Officer Duffek of any new company that Defendant Sims and/or Defendant Frierson come to own or manage in the next five years.  Although the Court understands the reason that

Plaintiff is asking that this requirement be included in the permanent injunction, the Court finds that this requirement is too broad and that the injunction should be limited to any liability that Defendants Sims and Frierson currently have or may have in the future with respect to their obligations as officers of Defendant Diversified.

## IV. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for entry of a default judgment against Defendant Diversified T.E.S.T. Technologies, Inc. is **GRANTED** in the amount of **$264,973.94** with respect to assessments for federal employment taxes for tax periods ending September 30, 2003, through March 31, 2005, and December 31, 2005, through December 31, 2008, plus interest on this amount from January 22, 2010, until the date that the judgment is satisfied at the rate provided for in 28 U.S.C. § 1961(c)(1);[1] and the Court further

**ORDERS** that Plaintiff's motion for entry of a default judgment against Defendant Sims is **GRANTED** in the amount of **$54,608.87**, with respect to assessments for Trust Fund Recovery Penalties pursuant to 26 U.S.C. § 6672 for tax periods ending December 31, 2006,

---

[1] Section 1961(c)(1) of Title 28 of the United States Code provides that section 1961

> shall not apply in any judgment of any court with respect to any internal revenue tax case.  Interest shall be allowed in such cases at the underpayment rate or overpayment rate (whichever is appropriate) established under section 6621 of the Internal Revenue Code of 1986.

28 U.S.C. § 1961(c)(1).

-13-

through December 31, 2007, and June 30, 2008, plus interest on this amount from January 22,

2010, until the date that the judgment is satisfied at the rate provided for in 28 U.S.C.

§ 1961(c)(1); and the Court further

      **ORDERS** that Plaintiff's motion for entry of a default judgment against Defendant

Frierson is **GRANTED** in the amount of **$54,608.87**, with respect to assessments for Trust Fund

Recovery Penalties pursuant to 26 U.S.C. § 6672 for tax periods ending December 31, 2006,

through December 31, 2007, and June 30, 2008, plus interest on this amount from January 22,

2010, until the date that the judgment is satisfied at the rate provided for in 28 U.S.C.

§ 1961(c)(1); and the Court further

      **ORDERS** that Plaintiff's motion for a permanent injunction is **GRANTED** with the

following terms: (1) Defendant Diversified, through its officers Defendant Thomas Sims and

Defendant Annelle Frierson, shall deposit withheld FICA and income taxes, as well as Defendant

Diversified's share of FICA taxes, in an appropriate federal depository bank in accordance with

the federal deposit regulations; (2) Defendant Diversified, through its officers Defendant Thomas

Sims and Defendant Annelle Frierson, shall deposit Federal unemployment taxes in an

appropriate federal depository bank in accordance with the federal deposit regulations; (3)

Defendant Diversified, through its officers Defendant Thomas Sims and Defendant Annelle

Frierson, shall sign and deliver affidavits to Internal Revenue Service Revenue Officer Michelle

Duffek, located at Metrocenter, 49 Court Street, Binghamton, New York 13901, on the first day

of each month, stating that the requisite withheld income, FICA and Federal unemployment

deposits were timely made; (4) Defendant Diversified, through its officers Defendant Thomas

Sims and Defendant Annelle Frierson, shall timely file all employment and unemployment tax

returns with the IRS; (5) Defendant Diversified, through its officers Defendant Thomas Sims and

Defendant Annelle Frierson, shall timely pay all required outstanding liabilities due with each tax

return at the time it is filed; and (6) Defendant Diversified, through its officers Defendant

Thomas Sims and Defendant Annelle Frierson, is hereby prohibited from making any

disbursement or assigning any property until amounts required to be withheld from wages after

the date of this Memorandum-Decision and Order are, in fact, paid to the IRS.

**IT IS SO ORDERED.**

Dated: September 20, 2010
           Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge

-15-